**Ivan BALAKHADZE, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–71486.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2006.

Filed Dec. 5, 2006.

---

of this circuit except as provided by 9th Cir.
R. 36–3.

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Andrew C. MacLachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM *

Ivan Balakhadze, a native and citizen of Georgia, petitions for review of an order of the Board of Immigration Appeals summarily affirming the immigration judge's ("IJ") decision and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we grant the petition for review and remand.

■ We conclude that the IJ's adverse credibility determination is not supported by substantial evidence. The IJ rested her adverse credibility finding primarily on

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

discrepancies between Balakhadze's testimony and asylum application on one hand, and his interview with an asylum officer on the other. We have cautioned, however, that "[c]ertain features of an asylum interview make it a potentially unreliable point of comparison to a petitioner's testimony for purposes of a credibility determination." *Singh v. Gonzales,* 403 F.3d 1081, 1087 (9th Cir.2005). This is particularly true in a case such as this where: (1) the volunteer translator has made obvious mistakes; and (2) the interviewer, whose notes are abbreviated and confusing, did not testify as to the context of his observations. *See id.* at 1087–88.

Moreover, we observe that Balakhadze's testimony as to the matters central to his asylum claim has been consistent and detailed. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003) (noting that minor inconsistencies or discrepancies that do not go to the heart of the asylum claim are insufficient to support an adverse credibility finding). The IJ cites inconsistencies as to the number of hours Balakhadze was detained, his political affiliations, whether he has relatives living in Russia, and his failure to raise with the asylum officer one of three beating incidents.

■ The IJ noted that Balakhadze in the asylum interview stated that he was detained 24 hours, but in his testimony before the IJ stated that he was detained 19 hours. This difference is of no moment because it is not material to Petitioner's allegations of mistreatment and beatings by the police. Moreover, the inconsistency was explained by Petitioner when he told the IJ that the asylum officer had misunderstood him that he was locked up one day and stayed overnight until the next day. This discrepancy is immaterial or it was adequately explained.

The IJ was also concerned that Petitioner had not told the asylum officer that he supported the Georgia National Front. But a statement at the asylum interview that the applicant did not belong to any political organizations is not inconsistent with testimony that he informally supported the Georgia National Front. Only the Petitioner's failure to describe one of the three beatings can possibly be construed as relevant to the heart of Balakhadze's claim. We conclude, however, that even this apparent discrepancy does not constitute substantial evidence that Balakhadze lacked credibility. *See Bandari v. INS,* 227 F.3d 1160, 1167 (9th Cir.2000) (recognizing that omissions of details may be an insufficient basis for upholding an adverse credibility finding).

Finally, we reject the IJ's finding that Balakhadze testified evasively because the IJ failed to cite, and we could not locate, a specific example of evasiveness in the record. *See Garrovillas v. INS,* 156 F.3d 1010, 1013 (9th Cir.1998) ("Generalized statements that do not identify specific examples of evasiveness or contradiction in the petitioner's testimony" are insufficient.).

Based on a reversal of the credibility finding, we grant the petition and remand for further proceedings on the merits of Balakhadze's claims giving credence to his testimony pursuant to this Memorandum Decision. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**